IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| CUSHION SEATS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Civil Action No.: 1:09-cv-01342-JMS-DML |
| ISP STADIUM SEATING, LLC, | ) | |
| INTERNATIONAL SPORTS | ) | TRIAL BY JURY DEMANDED |
| PROPERTIES, INC., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO TRANSFER VENUE TO THE MIDDLE DISTRICT
<u>OF NORTH CAROLINA PURSUANT TO 28 U.S.C. § 1404(a)</u>**

US2008 1325031.3

## Table of Contents

I. INTRODUCTION .................................................................................................1

    **A.** Parties...................................................................................................1

    **B.** Complaint and Patents-In-Suit..............................................................2

II. ARGUMENT........................................................................................................2

    **A.** Applicable Legal Standard....................................................................2

    **B.** Recent Federal Circuit Jurisprudence Under § 1404(a).........................3

    **C.** All of the Relevant Factors Weigh in Favor of Transferring the Case to the Middle District of North Carolina.........................................5

        **1.** Convenience of the Parties and Witnesses..................................5

        **2.** Situs of Material Events, Access to Proof ...................................7

        **3.** Interests of Justice........................................................................8

    **D.** Summary of Factors.............................................................................10

III. CONCLUSION...................................................................................................10

# Table of Authorities

**Cases**

*Am. Motorists Ins. Co. v. CTS Corp.*,
   356 F. Supp. 2d 583 (W.D.N.C. 2005) .................................................................................. 5

*Amini Innovation Corp. v. Bank & Estate Liquidators, Inc.*,
   512 F. Supp. 2d 1039 (S.D. Tex. 2007) ................................................................................. 6

*Coffey v. Van Dorn Iron Works*,
   796 F.2d 217 (7th Cir. 1986) .............................................................................................. 3, 9

*Heckler & Koch, Inc. v. Kenneth Chang d/b/a Prima U.S.A.*,
   No. 1:09-cv-747-WTL-DML, 2009 WL 4906949 (S.D. Ind. Dec. 10, 2009) ......................... 6

*Heckler & Koch, Inc. v. Tippman Sport, LLC*,
   No. 1:09-cv-0560-WTL-TAB, 2009 WL 4907016 (S.D. Ind. Dec. 11, 2009) .................... 3, 9

*Hunter v. Big Rock Transp., Inc.*,
   1:07-CV-1062-SEB-TAB, 2008 WL 1957775 (S.D. Ind. May 2, 2008) ................................ 9

*In re Genentech, Inc.*,
   566 F.3d 1338 (Fed. Cir. 2009) .............................................................................................. 4

*In re Hoffmann-La Roche Inc.*,
   587 F.3d 1333 (Fed. Cir. 2009) .............................................................................................. 4

*In re Nat'l Presto Indus., Inc.*,
   347 F.3d 662 (7th Cir. 2003) .................................................................................................. 3

*In re Nintendo Co., Ltd.*,
   589 F.3d 1194 (Fed. Cir. 2009) ........................................................................................... 4, 7

*In re TS Tech USA Corp.*,
   551 F.3d 1315 (Fed. Cir. 2008) ...................................................................................... 3, 4, 8

*Lancer Ins. Co. v. Landers Explosives, Inc.*,
   3:07-cv-117-RLY-WGH, 2008 WL 3819850 (S.D. Ind. July 24, 2008) ................................ 5

*No Baloney Mktg., LLC v. Ryan*,
   No. 1:09-cv0200-SEB-TAB, 2010 WL 1286720 (S.D. Ind. Mar. 26, 2010) ...................... 3, 8

*Recycling Sciences Intern., Inc. v. Soil Restoration and Recycling, L.L.C.*,
   159 F.Supp.2d 1095 (N.D.Ill., 2001) ..................................................................................... 6

*Sinochem Intern. Co. Ltd. v. Malaysia Intern. Shipping Corp.*,
   549 U.S. 422 (2007) ................................................................................................................ 3

## Table of Authorities
(Cont'd.)

*State Farm Mut. Auto. Ins. Co. v. Estate of Bussell*,
   939 F. Supp. 646 (S.D. Ind. 1996) ................................................................................ 5, 8

**Statutes**

28 U.S.C. § 113 .................................................................................................................... 1

28 U.S.C. § 1400(b) ............................................................................................................. 2

**Other Authorities**

CHARLES ALAN WRIGHT, ET AL., FEDERAL PRACTICE AND
   PROCEDURE § 3849 (3d ed. 2007) ........................................................................... 6

A Kansas corporation filed this patent infringement action in this Court against two North Carolina entities. The dispute involves products that are developed and rented out of North Carolina to customers across the United States. The relevant witnesses and documents concerning the products that are accused of infringement are in or very near North Carolina. Neither the parties nor the allegations underlying this litigation are sufficiently connected to the Southern District of Indiana to warrant burdening this Court and the potential jurors in this District with its adjudication. This action should be transferred pursuant to 28 U.S.C. § 1404(a) to the United States District Court for the Middle District of North Carolina, Winston-Salem Division, where Defendants ISP Stadium Seating, LLC, and International Sports Properties, Inc.[1] (collectively, "ISP") are headquartered and where the key information, documents, and witnesses relevant to the accused products are located.

I.  INTRODUCTION

   A.   Parties

Plaintiff Cushion Seats, Inc. ("Plaintiff") is a Kansas corporation with a principal place of business in Manhattan, Kansas. (Dkt. 14, at ¶ 3.) Plaintiff purports to have sold its products in "[v]enues all over the United States" including, at least at some point, in the state of Indiana. (*Id.*, at ¶ 6.) Plaintiff does not allege that it has any current operations, offices, or employees in Indiana, or that it has any meaningful connection at all to either Indiana or this District.

Both of the defendants are North Carolina companies with headquarters in Winston-Salem, North Carolina. (Dkt. 44, at ¶¶ 4-5.) Winston-Salem is in Forsyth County, North Carolina, which is located in the Middle District of North Carolina, Winston-Salem Division. 28 U.S.C. § 113. ISP is in the business of, among other things, providing various services to universities involving the temporary or semi-permanent installation of stadium seating for use at

---
[1] International Sports Properties, Inc. is now known as ISP Sports, LLC.

sporting events. ISP provides these stadium seats to universities across the United States. (Dkt. 14 at Ex. D (listing some 27 universities in 19 states where ISP's seats may be leased).) However, the key information and documents pertaining to the accused stadium seats as well as at least five witnesses with knowledge of the design, manufacture, marketing, and rental of the seats are located in or very near ISP's headquarters in Winston-Salem, North Carolina. (June 15, 2010 Declaration of Joseph E. Weatherly Pursuant to 28 USC § 1746 ("Weatherly Decl.") ¶¶ 5-12, filed contemporaneously herewith.)

### B. Complaint and Patents-In-Suit

Plaintiff alleges that ISP infringes U.S. Patent Nos. 7,488,037, 7,316,452, and D610,821, and all three of the asserted patents are generally directed to stadium seats. (Dkt. 14, at ¶¶ 20-34.) Plaintiff alleges that some of ISP's infringing activity has occurred in Indiana because ISP provides the stadium seats used at Indiana University. (*Id.*, at Ex. D-F.) Plaintiff has not alleged that ISP's activities with regard to Indiana University, however, are any different than its activities with regard to any of its other many university customers across the United States (*see id.*, Ex. D), including, for example, Wake Forest University, which is located in the same city as ISP's headquarters, Winston-Salem, North Carolina. In fact, Wake Forest University uses the very same type of stadium seat that is being used at Indiana University. (Weatherly Decl. ¶ 11.)

## II. ARGUMENT

### A. Applicable Legal Standard

Pursuant to 28 U.S.C. § 1404(a), courts have the discretion to "transfer any civil action to any other district or division where it might have been brought[ ]"[2] for "the convenience of parties and witnesses, [and] in the interest of justice[.]" 28 U.S.C. § 1404(a); *Coffey v. Van Dorn*

---

[2] There is no question that this case could have been brought in the Middle District of North Carolina under 28 U.S.C. § 1400(b).

*Iron Works*, 796 F.2d 217, 219 (7th Cir. 1986). In deciding whether to transfer a case under Section 1404(a), this Court applies the law of the Seventh Circuit[3] and considers the following four factors: (1) the convenience of the parties; (2) the convenience of the witnesses; (3) the situs of material events and access to proof; and (4) the interests of justice. *No Baloney Mktg., LLC v. Ryan*, No. 1:09-cv-0200-SEB-TAB, 2010 WL 1286720, at *10-11 (S.D. Ind. Mar. 26, 2010). While the Seventh Circuit has stated that "the plaintiff's choice of forum should rarely be disturbed," it has also noted that "[r]arely . . . is not never." *In re Nat'l Presto Indus., Inc.*, 347 F.3d 662, 664 (7th Cir. 2003); *see also Heckler & Koch, Inc. v. Tippman Sport, LLC*, No. 1:09-cv-0560-WTL-TAB, 2009 WL 4907016, at *2 (S.D. Ind. Dec. 11, 2009). Indeed, this Court has held that when, as is the case here, "the forum chosen is not the plaintiff's home forum, less deference is appropriate." *Heckler & Koch*, 2009 WL 4907016, at *2; *see also Sinochem Intern. Co. v. Malaysia Intern. Shipping Corp.*, 549 U.S. 422, 430 (2007) ("When the plaintiff's choice is not its home forum, however, the presumption in the plaintiff's favor 'applies with less force,' for the assumption that the chosen forum is appropriate is in such cases 'less reasonable.'").

### B. Recent Federal Circuit Jurisprudence Under § 1404(a)

The Federal Circuit has recently emphasized the importance of ensuring that patent infringement cases are litigated in a convenient forum by granting writs of mandamus in four separate cases – none of which had any meaningful connection to the plaintiff's chosen forum of the Eastern District of Texas – and holding that the district court clearly abused its discretion in denying motions to transfer to the defendants' home districts. *See In re Nintendo Co., Ltd.*, 589

---

[3] *In re TS Tech USA Corp.*, 551 F.3d 1315, 1319 (Fed. Cir. 2008) (noting that the law applicable to § 1404(a) motions in patent cases is the law of the circuit in which the district court sits, not the law of the Federal Circuit).

F.3d 1194 (Fed. Cir. 2009); *In re Hoffmann-La Roche Inc.*, 587 F.3d 1333 (Fed. Cir. 2009); *In re Genentech, Inc.*, 566 F.3d 1338 (Fed. Cir. 2009); *TS Tech*, 551 F.3d 1315.

In *TS Tech*, for example, a Delaware corporation with a principal place of business in Michigan sued two Ohio companies and a Canadian company in the Eastern District of Texas. 551 F.3d at 1318. The only purported connection to the forum was the fact that the accused products were sold in that district just as they were sold in many other districts. *Id.* The district court denied the motion to transfer to the Southern District of Ohio, which was the primary location of the physical and documentary evidence as well as the location where various witnesses resided. *Id.* The Federal Circuit held the district court abused its discretion by, *inter alia*, (1) refusing to give considerable weight to the inconvenience and increased costs that witnesses would encounter in traveling to the chosen venue, (2) weighing as neutral the "ease of access to sources of proof," despite the fact that no evidence was located in the plaintiff's chosen venue, and (3) concluding that the district's citizens had a "substantial interest" in having the case tried locally merely because several accused products, which were sold nationwide, were sold in the district. *Id.* at 1320–21.

The other recent Federal Circuit decisions hold likewise. *See Nintendo*, 589 F.3d at 1198 ("This court has held and holds again in this instance that in a case featuring most witnesses and evidence closer to the transferee venue with few or no convenience factors favoring the venue chosen by the plaintiff, the trial court should grant a motion to transfer."); *Hoffmann-La Roche*, 587 F.3d at 1336 ("[T]here is a stark contrast in relevance, convenience, and fairness between the two venues. The accused drug was developed and tested within the Eastern District of North Carolina and documents and sources of proof remain there . . . ."); *Genentech*, 566 F.3d at 1345 ("Because a substantial number of material witnesses reside within the transferee venue .

US2008 1325031.3

. ., and no witnesses reside within the [forum], the district court clearly erred in not determining this factor to weigh substantially in favor of transfer.").

Similar to the facts in those cases, there is no connection between this action and the Southern District of Indiana other than the fact that ISP's alleged infringing products are used in this District just as they are used in numerous districts across the United States. Accordingly, these recent Federal Circuit cases are instructive to the Court's analysis of the factors set forth below and support transferring this action to the Middle District of North Carolina.

    **C.**    **All of the Relevant Factors Weigh in Favor of Transferring the Case to the Middle District of North Carolina.**

        **1.**    **Convenience of the Parties and Witnesses**

Plaintiff is a Kansas corporation with a principal place of business in Kansas but it chose to initiate this action in the Southern District of Indiana, some 600 miles away from its principal place of business. When, as is the case here, a plaintiff chooses a forum that is not its home forum, "the location of *defendant's* residence becomes more important in determining the convenience of the parties." *See Lancer Ins. Co. v. Landers Explosives, Inc.*, 3:07-cv-117-RLY-WGH, 2008 WL 3819850, at *7 (S.D. Ind. July 24, 2008) (emphasis added); *State Farm Mut. Auto. Ins. Co. v. Estate of Bussell*, 939 F. Supp. 646, 651 (S.D. Ind. 1996).

Other courts have likewise held that when neither party resides in the district but one resides in the transferee district, this factor favors transfer. *See, e.g., Am. Motorists Ins. Co. v. CTS Corp.*, 356 F. Supp. 2d 583, 587 (W.D.N.C. 2005). This principle is particularly strong in patent infringement cases, which "often focus on the activities of the alleged infringer, its employees, and its documents" rather than those of the plaintiff, meaning "the location of the alleged infringer's principal place of business is often the critical and controlling consideration in adjudicating transfer of venue motions." *Amini Innovation Corp. v. Bank & Estate Liquidators,*

- 5 -

US2008 1325031.3

*Inc.*, 512 F. Supp. 2d 1039, 1044 (S.D. Tex. 2007) (citation omitted); *Recycling Sciences Intern., Inc. v. Soil Restoration and Recycling, L.L.C.*, 159 F. Supp. 2d 1095, 1100 (N.D. Ill. 2001) ("In patent infringement cases, 'practicality and convenience are best served when [it] is prosecuted where the alleged acts of infringement occurred and the defendant has a regular and established place of business so as to facilitate the production and investigation of books, records and other data necessary to the discovery and trial techniques employed in the patent field.'"); 15 CHARLES ALAN WRIGHT, ET AL., FEDERAL PRACTICE AND PROCEDURE § 3849 (3d ed. 2007) ("Transfer to a corporate defendant's place of business is particularly likely in patent or copyright infringement cases.").

Similarly, this Court has held that if the gain in convenience to a defendant and its witnesses outweighs the loss of convenience to a plaintiff and its witnesses, then this factor weighs in favor of transfer. *Heckler & Koch, Inc. v.Chang*, No. 1:09-cv-747-WTL-DML, 2009 WL 4906949, at *1 (S.D. Ind. Dec. 10, 2009). In this case, *neither* party resides in or anywhere near the Southern District of Indiana. Thus, there is no real convenience to *either party* in trying this case in this district.

Both of the defendants in this action, however, are headquartered in Winston-Salem, North Carolina, which is located in the Winston-Salem Division of the Middle District of North Carolina. Thus, for ISP, trying the case in the Middle District of North Carolina would be significantly more convenient and cost-effective given the close proximity to ISP's headquarters, employees, documents, and key witnesses. (Weatherly Decl. ¶¶ 5-12.) By way of example only, Mr. Jed Hurt is an Assistant General Manager for ISP Stadium Seating who works at ISP's headquarters in Winston-Salem, North Carolina. (Weatherly Decl. ¶ 7.) Mr. Hurt is responsible for, among other things, the design of ISP's stadium seats in relation to their use in existing stadiums, the marketing of stadium seats, and sales and financial information concerning stadium

seats. (*Id.*) Mr. Hurt has also had substantial interactions with schools related to ISP's stadium seats including Indiana University. (*Id.*) Similarly, ISP has at least five other witnesses with knowledge of relevant facts in or near Winston-Salem. (*Id.* at ¶¶ 6-7.)

Because transferring the case of the Middle District of North Carolina would significantly increase the convenience to ISP while not decreasing the convenience to the Plaintiff, this factor **favors transfer**.

### 2. Situs of Material Events, Access to Proof

As noted above, the key information and documents pertaining to the accused stadium seats as well as at least five witnesses with knowledge of the creation, design, manufacture, marketing, shipping, and rental of the seats are located in or very near ISP's headquarters in Winston-Salem, North Carolina.[4] (Weatherly Decl. ¶¶ 5-12.) This is true as to the seats used in Indiana as well as those used in other districts. (*Id.*)

Plaintiff will likely argue in support of maintaining venue in this District the fact that the allegedly infringing stadium seats are used at Indiana University. (*See, e.g.,* Dkt. 14, at ¶ 19.) But Plaintiff has accused ISP of engaging in similar allegedly infringing activities at universities throughout the United States. (Dkt. 14 at ¶¶ 21, 26, and 31, Ex. D (listing some 27 universities in 19 states where ISP's seats may be leased).) As the Federal Circuit has recently made abundantly clear, the mere fact that an allegedly infringing product is sold or used in a particular district does not support a finding of convenience in that district particularly where, as is the case here, that product also is sold or used in many other districts. *See, e.g., In re Nintendo Co., Ltd.*, 589 F.3d at 1198 ("If the products were sold throughout the United States, as here, then the citizens of the venue chosen by the plaintiff 'have no more or less of a meaningful connection to

---

[4] Evidence relevant to the patents-in-suit is presumably located with the Plaintiff in Kansas, but in any event it is not alleged to be located anywhere in or near Indiana.

- 7 -

US2008 1325031.3

the case than any other venue.'") (quoting *TS Tech*, 551 F.3d at 1321). Thus, the mere fact that ISP has provided accused seats in this District does not support maintaining the action in this district.

The lack of importance of the seats being used at Indiana University to this litigation is further exemplified by the fact that those seats are the same design as some of the stadium seats located at Wake Forest University in Winston-Salem, North Carolina, which is where ISP is headquartered. (Weatherly Decl. ¶¶ 6, 11.) Even if the seats at Indiana University were alleged somehow to be different, that should not mitigate against transfer in this particular situation since many of the same seat samples are located in or near Winston-Salem and, in any event, the seats are easily transportable if necessary for trial. *See No Baloney*, 2010 WL 1286720, at \*11 (stating that when evidence is "easily transportable" it should not weigh heavily on the court's determination of convenience).

Accordingly, there is no particular advantage in terms of access to proof that favors a trial in the Southern District of Indiana. Therefore, because the Southern District of Indiana is not the location of any material events, or home to any significant evidence that cannot be easily relocated, and because the Middle District of North Carolina is the home of significant material evidence relevant to the facts at issue, this factor **favors transfer.**

### 3. Interests of Justice

In considering the "interests of justice" factor, the court should determine whether a transfer would further the efficient administration of the court system by ensuring a speedy trial.[5]

---

[5] Other frequently considered factors under the "Interests of Justice" prong are the interests of "trying related litigation together, and having a judge who is familiar with the applicable law try the case[,]" but neither of those factors is applicable in this case. *State Farm*, 939 F. Supp. at 652.

- 8 -

US2008 1325031.3

*Coffey*, 796 F.2d at 221. Instructive to that analysis is a comparison of the current burdens on the two districts' dockets. *Heckler & Koch*, 2009 WL 4907016, at *3.

The Southern District of Indiana is substantially more burdened than the Middle District of North Carolina. (*Compare* Federal Court Management Statistics for Southern District of Indiana, http://www.uscourts.gov/viewer.aspx?doc=/cgi-bin/cmsd2009.pl (2009) (attached hereto as Ex. A), *with* Federal Court Management Statistics for Middle District of North Carolina, http://www.uscourts.gov/viewer.aspx?doc=/cgi-bin/cmsd2009.pl (2009) (attached hereto as Ex. B)). The Southern District of Indiana has the 6th most civil filings in the country, whereas the Middle District of North Carolina ranks 67th in the same category. *Id.* Additionally, the Southern District of Indiana ranks 16th in the nation in weighted filings, whereas the Middle District of North Carolina ranks 64th. *Id.*

Furthermore, where a case has little intrinsic relationship with the venue where it was originally filed and a much stronger relationship with the district to which the defendant wishes to transfer it, the interests of justice factor weighs in favor of transfer. *See Heckler & Koch*, 2009 WL 4907016, at *3. Again, this case bears little or no intrinsic relationship with the Southern District of Indiana, so the citizens of Indiana should not be burdened with jury duty in such a case. *Hunter v. Big Rock Transp., Inc.*, 1:07-cv-1062-SEB-TAB, 2008 WL 1957775, *4 (S.D. Ind. May 2, 2008) (holding that since "jury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation, it would be more appropriate for Wyoming citizens, rather than citizens of Indiana to bear the burden of jury duty in this case") (internal quotations and citations omitted).

There is no connection between the parties, their dispute, and this district. The Middle District of North Carolina, as previously discussed, is the headquarters for both of the defendants, and the citizens of that community ought to evaluate and decide this dispute. Thus,

because the Middle District of North Carolina is substantially less burdened than the Southern District of Indiana and because it has a much more significant relationship with this case, this factor **favors transfer**.

### D. Summary of Factors

All factors favor transfer. Continuing this action in the Southern District of Indiana would be inconvenient for all of the parties involved. Transferring this action to the Middle District of North Carolina would result in a significantly more convenient forum for ISP, would not be significantly less convenient to the Plaintiff, would be more convenient to many of the key witnesses in this litigation, would be closer to the relevant documents and other evidence, and would alleviate this Court's substantially busier docket.

## III. CONCLUSION

Because this patent litigation has no meaningful nexus to the Southern District of Indiana and because the convenience of the parties and witnesses and the interests of justice favor transfer to the Middle District of North Carolina, ISP respectfully requests that the Court order this action transferred to the Middle District of North Carolina pursuant to 28 U.S.C. § 1404(a).

This the 16th day of June, 2010.

                Respectfully submitted,

                HARRISON & MOBERLY, LLP

                *s/ Stephen E. Arthur*
                Stephen E. Arthur, Attorney No. 4055-49
                HARRISON & MOBERLY, LLP
                10 W. Market Street
                Suite 700
                Indianapolis, IN 46204
                sarthur@h-mlaw.com
                (317) 639-4511
                (317) 639-9565 (fax)

                Steven D. Moore
                N.C. Bar No. 23367
                *Admitted pro hac vice*
                J. Jason Link
                N.C. Bar No. 25689
                *Admitted pro hac vice*
                Jon R. Pierce
                N.C. Bar No. 36383
                *Admitted pro hac vice*
                Kilpatrick Stockton LLP
                1001 West Fourth Street
                Winston-Salem, NC 27101
                (336)607-7300 (telephone)
                (336)607-7500 (facsimile)

                Counsel for Defendants, ISP Stadium Seating, LLC and ISP Sports LLC (f/k/a International Sports Properties, Inc.)

- 11 -

US2008 1325031.3

Case 1:10-cv-00735   Document 47   Filed 06/16/10   Page 15 of 16

## CERTIFICATE OF SERVICE

I hereby certify that on June 16, 2010 a copy of the foregoing Defendant's Memorandum of Law in Support of Motion to Transfer Venue to the Middle District of North Carolina Pursuant to 28 U.S.C. § 1404(a) was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

    Anthony E. Dowell
    DOWELL BAKER, P.C.
    aedowell@dowellbaker.com

    Christopher V. Carani
    Wilhelm L. Rao
    Joseph F. Harding
    Dennis H. Jaskoviak, Jr.
    Brianne M. Straka
    McANDREWS HELD & MALLOY, LTD
    ccarani@mcandrews-ip.com
    wrao@mcandrews-ip.com
    jharding@mcandrews-ip.com
    djaskoviak@mcandrews-ip.com
    bstraka@mcandrews-ip.com

    *s/ Stephen E. Arthur*
    Stephen E. Arthur, Attorney No. 4055-49

    Counsel for Defendants, ISP Stadium Seating, LLC and ISP Sports LLC (f/k/a International Sports Properties, Inc.)

HARRISON MOBERLY, LLP
10 W. Market Street, Suite 700
Indianapolis, IN 46204
sarthur@h-mlaw.com
(317) 639-4511
(317) 639-9565 (fax)