UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CUSHION SEATS, INC., <br>    *Plaintiff*, <br><br>    *vs*. <br><br> ISP STADIUM SEATING, LLC and <br> INTERNATIONAL SPORTS <br> PROPERTIES, INC., <br>    *Defendants*. | ) <br> ) <br> ) <br> )    1:09-cv-01342-JMS-DML <br> ) <br> ) <br> ) <br> ) <br> ) |

# ORDER

Presently pending before the Court in this patent-infringement action is Defendant ISP Stadium Seating, LLC's and Defendant International Sports Properties, Inc.'s motion to transfer this case to the United States District Court for the Middle District of North Carolina. [Dkt. 46.] The motion requests the transfer pursuant to 28 U.S.C. § 1401(a), which provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

Plaintiff Cushion Seats, Inc. ("Cushion Seats"), incorporated and headquartered in Kansas, does not dispute that this action could have been brought in the Middle District of North Carolina: Defendants (collectively "ISP") are both North Carolina companies headquartered in North Carolina. *See* 28 U.S.C. § 1391(b)(1), (c) (setting forth venue rules for actions against corporations). Thus, transfer to North Carolina will be proper if called for by the other § 1401 factors.

While the Court must normally apply the substantive law of the Federal Circuit in this patent action, 28 U.S.C §1295, Seventh Circuit law governs motions to transfer. *In re TS Tech USA Corp.*, 551 F. 3d 1315, 1319 (Fed. Cir. 2008) (noting that the law applicable to § 1404(a)

motions in patent cases is the law of the circuit in which the district court sits, not the law of the Federal Circuit). In this Circuit, courts consider four factors in deciding motions to transfer: (1) the convenience of the parties; (2) the convenience of the witnesses; (3) the *situs* of material events and access to proof; and (4) the interests of justice. *No Baloney Mktg., LLC v. Ryan*, 2010 WL 1286720, *10-12 (S.D. Ind. Mar. 26, 2010).[1]

Cushion Seats relies heavily here on the general rule that "unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." *In re National Presto Industries, Inc.,* 347 F. 3d 662, 664 (7th Cir. 2003) (quotation omitted). But as the Seventh Circuit has also explained, "[r]arely…is not never," *id*., especially where—as here—the plaintiff has chosen to sue in a district other than its "home" district. *See Lancer Ins. Co v. Landers Explosives, Inc.,* 2008 WL 3819850, at *7 (S.D. Ind. July 24, 2008) (holding that under such a circumstance, "the locations of defendant's residence becomes more important in determining the convenience of the parties").[2] For the reasons discussed below, transfer is appropriate here, despite the general rule.

With respect to the first factor, the convenience of the parties strongly favors North Carolina because litigating there will be easier on ISP and will be no less convenient to Cushion Seats. *See Heckler Koch, Inc v. Chang*, 2009 WL 4906949 at *1 (S.D. Ind. Dec. 10, 2009) (holding that if the gain in convenience to a defendant outweighs the loss of convenience to a plaintiff and its witnesses, then this factor weighs in favor of transfer). The Middle District of

---

[1] Other cases describe the factors somewhat differently, chiefly by breaking out the "interests of justice" factor into discrete sub-factors. *See, e.g.*, *Strategic Mgmt. Harmony LLC v. Enhanced Bus. Reporting Consortium, Inc.*, 2007 U.S. Dist. LEXIS 59014, *21-22 (S.D. Ind. 2007). The different formulations, however, lead to the same result.

[2] Plaintiff could not have sued in Kansas because it does not claim that Defendants have any contacts there or that that jurisdiction has any other connection to the parties' dispute. [*See* dkt. 54 at 12.]

North Carolina is ISP's home district; this District is neither party's home district. While Cushions Seats is correct that North Carolina is technically farther away from Kansas than Indiana, the realities of air travel mean that it will not likely cost any more, nor require any more travel time, to litigate in the Middle District of North Carolina than it would to litigate here. [*Compare* dkt. 56-2 (showing airfare from Cushion Seat's home airport to Indianapolis for a given trip to be $318.80, with six hours and forty-two minutes of travel time, including layover), *with* dkt. 56-3 (showing a trip on the same date to Greensboro, NC would cost $308.90 and require six hours and thirty-five minutes, including layover).][3] Although Cushion Seats argues that litigating in North Carolina is less convenient for its Illinois-based counsel, [dkt. 54 at 16], that argument is inapposite because convenience to counsel is irrelevant in the transfer analysis, *Chi., Rock Island & Pac. R.R. Co. v. Igoe*, 220 F. 2d 299, 304 (7th Cir. 1955) (collecting cases).

As for the second factor, convenience to witnesses, it too weighs in favor of transfer. ISP maintains that it has at least six North-Carolina based employees with knowledge of the creation, design, and manufacture of the allegedly infringing seats. [Dkt. 47 at 11.] Litigating in the Middle District of North Carolina will significantly lessen their travel burdens. By contrast, Cushion Seats has not attempted to quantify the number of its witnesses here in Indiana, thus providing the Court with no weight to place on the other side of the balance. To the extent that Cushion Seats worries that transfer may deprive it of the ability to obtain discovery from non-parties located here, that worry is misplaced. The Federal Rules of Civil Procedure permit parties to obtain discovery in one district for use in an action pending in another district. *See* Fed. R. Civ. Pro. 45(a)(2)(B)-(C).

---

[3] The Middle District of North Carolina has a Greensboro division. 28 U.S.C. § 113(b).

The third transfer factor does not caution against transfer because Indiana is not a *situs* of material events, despite Cushion Seats' argument to the contrary. [Dkt. 54 at 13.] Although Cushion Seats alleges that ISP leased the infringing seats in this District, it does not limit its infringement claims to seats leased here. Indeed the Complaint alleges that ISP's infringing seats have been distributed to customers throughout the United States. [*See* dkt. 14 ¶26.] The potential nationwide infringement makes litigating here—as opposed to elsewhere—less important. *See, e.g.*, *In re Nintendo Co., Ltd.*, 589 F.3d 1194, 1198 (Fed. Cir. 2009) ("[I]f the products were sold throughout the United States, as here, then the citizens of the venue chosen by the plaintiff have no more or less of a meaningful connection to the case than any other venue." (quotation omitted)). If the Indiana seats are actually different than those used elsewhere, they can easily be transported to trial.

The final factor to be considered is the "interest of justice," a catch-all category that, among other things, considers "the efficient administration of the court system." *Coffey v. Van Dorn Iron Works*, 796 F. 2d 217, 221 (7th Cir. 1986). In 2009, this District had the 6th most civil filings among all federal district courts. *See* http://www.uscourts.gov/viewer.aspx?doc=/cgi-bin/cmsd2009.pl. In contrast, the Middle District of North Carolina ranked only 67th during the same period, *id.*, suggesting that it has sufficient judicial resources to handle another case. Further, while this District has only recently received its full complement of Article III judges (who are working through the backlog resulting from extended vacancies), it has two vacant magistrate judgeships.[4] Because patent cases in this District often require close involvement with a magistrate judge, those vacancies are a particularly important consideration given that the Middle Dis-

---

[4] One of the magistrate judgeships has a recent appointee, but he has not yet cleared the extensive background check process. The search committee for the other post has not yet been constituted.

trict of North Carolina has a full complement of authorized judges.  Finally, insofar as Cushion Seats argues that the Middle District of North Carolina is somehow less capable of interpreting and applying patent laws because of a lack of local patent case management rules, [dkt. 54 at 20], the Court rejects that claim.  *See Newegg, Inc. v. Telecomm. Sys.*, 2009 WL 1814461, at 9 (N.D. Cal. June 23, 2009) (holding that the transfer of an inconvenient patent case was appropriate, despite the plaintiff's argument that the existence of local patent rules in a particular district should be a relevant factor when deciding whether to transfer a patent case.)  As Cushion Seats correctly states, "all federal district courts are presumably familiar with the application of the patent laws," which are of course federal.  [Dkt. 54 at 20.]

None of the four §1401 factors weigh in favor of keeping this action here.  Rather, the factors, individually and collectively, establish that the Middle District of North Carolina is a more appropriate venue.  Accordingly, the Court **GRANTS** Defendant's motion.  [Dkt. 46.]  The Clerk is directed to transfer this action to the Middle District of North Carolina.

09/23/2010

*[signature]*

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only:**

Stephen E. Arthur
HARRISON & MOBERLY
sarthur@h-mlaw.com

Christopher V. Carani
MCANDREWS HELD & MALLOY, LTD
ccarani@mcandrews-ip.com

Anthony E. Dowell
DOWELL BAKER P.C.

aedowell@dowellbaker.com

Joseph F. Harding
MCANDREWS HELD & MALLOY, LTD
jharding@mcandrews-ip.com

Dennis H. Jaskoviak Jr.
MCANDREWS HELD & MALLOY, LTD
djaskoviak@mcandrews-ip.com

James Jason Link
KILPATRICK STOCKTON LLP
JLink@kilpatrickstockton.com

Steven D. Moore
KILPATRICK STOCKTON LLP
smoore@kilpatrickstockton.com

Jon R. Pierce
KILPATRICK STOCKTON, LLP
jpierce@kilpatrickstockton.com

Wilhelm L. Rao
MCANDREWS HELD & MALLOY, LTD
wrao@mcandrews-ip.com

Brianne M. Straka
MCANDREWS HELD & MALLOY, LTD
bstraka@mcandrews-ip.com